## THE HERMAN FRASCH.

## THE IDA S. DOW.

## UNION SULPHUR CO. v. PLUMMER.

### No. 3672.

Circuit Court of Appeals, Fourth Circuit.
June 23, 1934.

J. Harvey Turnure, of New York City, and George M. Lanning, of Norfolk, Va. (Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, and Baird, White & Lanning, of Norfolk, Va., on the brief), for appellant.

Braden Vandeventer, of Norfolk, Va. (Vandeventer, Eggleston & Black, of Norfolk, Va., on the brief), for appellee.

Before PARKER, and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

## PER CURIAM.

This is an appeal by the Union Sulphur Company, owner of the steamship Herman Frasch, from a final decree in admiralty, entered in the District Court of the United States for the Eastern District of Virginia at Norfolk. The decree held the steamship Herman Frasch solely at fault for a collision between that vessel and a schooner, the Ida S. Dow. The collision occurred shortly after midnight on November 30, 1931, at a point, as contended on behalf of libelant, 69 miles southeast of Cape Henry. As contended on behalf of cross-libelant, the collision occurred at a point 90 miles southeast of that cape.

The Herman Frasch, hereafter referred to as the "Frasch," was a steam cargo carrying vessel of 4,494 gross and 2,641 net tons, 356 feet long, and 52.6 feet beam. She was in ballast (light), and the evidence showed that under favorable weather conditions her maximum full speed was 13 knots.

The Ida S. Dow, referred to hereafter as the "Dow," was a four-masted topsail schooner of 1,411 gross and 1,280 net tons, 225 feet long, and 43 feet beam, and had a cargo of 1,534 tons of coal.

The two vessels collided in a dense fog, and the bow of the schooner hit the steamship on the starboard side 25 to 30 feet abaft the latter's stem. The Dow was badly damaged, but there was little damage to the Frasch. The master and owner of the Dow filed a libel against the Frasch, and a cross-libel was filed on behalf of the owner of the steamer.

The master of the Dow and the expert witnesses testified in open court. The evidence of the other witnesses was taken by depositions.

Without going into detail as to the evidence, it is sufficient to say that the judge below found that both vessels were carrying proper lights, had the necessary lookout, and were sounding their fog signals in compliance with the law. As to the speed of the vessels at the time of the collision the court found that the Dow was proceeding at a speed of about 3 miles per hour, and that this speed was not greater than was necessary to maintain the steerage way of a sailing vessel of her size and cargo burden proceeding across the wind then prevailing in her vicinity; that the Frasch immediately before the collision was proceeding at a speed of at least 8 to 10 miles per hour; that this speed under the circumstances was clearly excessive and was

the sole cause of the collision; and held the Frasch responsible for all the damages.

A study of the record leads us to the conclusion that the findings of the judge were correct. In addition to this, when we give to them that weight to which they are entitled [Chesapeake Lighterage & Towing ·Co. v. Baltimore Copper Smelting & Rolling Co. (C. C. A.) 40 F.(2d) 394, and cases there cited], it follows that these findings must be approved.

After fixing liability, the cause was referred to a special commissioner to ascertain and report the amount of the loss and damages sustained by the libelant. The special commissioner in his report fixed the value of the Dow as being $7,000, and in reviewing this report upon exceptions the judge fixed this value at $10,000. As to this question we can find no good reason why the judgment of the court below should be set aside or why we should, even if we so desired, substitute .our opinion for that of the trial judge. There was evidence which would amply justify the court in arriving at the figure at which he did arrive, and which, from the evidence, we consider a fair one. The decree of the court below is accordingly affirmed.